IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID L. KING, | No. CIV S-03-2505-FCD-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| DAVID L. RUNNELS, et al., | |
| Respondents. | |

Petitioner, a state prisoner proceeding with appointed counsel and in forma pauperis, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action proceeds on petitioner's amended petition (Doc. 53) filed on August 28, 2006.[1] Pending before the court is petitioner's motion (Doc. 52) for an order staying these proceedings and holding consideration of the amended petition in abeyance ("stay and abeyance order") pending exhaustion in state court. Respondents have filed an opposition (Doc. 55).

///

---

[1] Because respondents have not filed a responsive pleading, the amended petition was filed as of right pursuant to Federal Rule of Civil Procedure 15(a), and supercedes the original petition filed on December 1, 2003.

1

## I. BACKGROUND

Following a jury trail, petitioner was convicted of one count of robbery and one count of first degree burglary. The jury found true all sentencing enhancement allegations concerning prior convictions. Petitioner was sentenced to 37 years to life. On direct appeal, petitioner raised the following claims: (1) tainted in-court identification; (2) instructional error; (3) cruel and unusual punishment; and (4) Ex Post Facto claim. After the California Court of Appeal affirmed the conviction and sentence, petitioner sought review by the California Supreme Court, raising the following claims: (1) tainted in-court identification; (2) instructional error; and (3) cruel and unusual punishment. The California Supreme Court denied review. Petitioner then filed a pro se state habeas petitions raising the following claims: (1) ineffective assistance of counsel for failing to object to the tainted in-court identification; (3) ineffective assistance of counsel for failing to renew a motion to suppress; (3) prosecutorial misconduct; (4) "robbery, burglary convictions"; (5) "police report, false testimony by officers"; (6) "prior convictions"; and (7) "probable cause."

In his amended federal habeas petition, petitioner raises the following claims: (1) tainted in-court identification; (2) ineffective assistance of trial counsel for failing to object to the tainted in-court identification; (3) cruel and unusual punishment; (4) unreasonable search and seizure; and (5) ineffective assistance of counsel for failing to renew a motion to suppress evidence.[2] Petitioner concedes that all but one of these claims was raised in the state courts. Specifically, petitioner states that the unreasonable search and seizure claim is a "new claim." As to this claim, petitioner recites the following factual allegations:

> 1. Petitioner, acting pro per, filed a motion to suppress evidence. At the trial readiness conference on February 7, 2000, the trial court dropped the motion indicating it was an in limine motion;

---

[2] Petitioner specifically abandons all other claims.

2

    2.        One week later, pro per status was vacated and the court appointed counsel;

    3.        On the night of the incident someone called 9-1-1 reporting that a white male had committed the offense and officers responded to the location.  Officer Bell saw petitioner walking near the scene and she could see that petitioner was a black male.  Officer Bell wanted to contact petitioner "to ask him if he saw out suspect."  Petitioner left the area.  Officer Bell chased him finally detaining him at gun point;

    4.        California Penal Code section 1538.5 controls the procedures for filing motions to suppress evidence seized in violation of the Fourth Amendment to the Untied States Constitution.  Section 1538.5(I) states that a motion to suppress evidence "shall be made prior to trial."  Section 1538.5(c)(1) states that "Whenever a search or seizure motion is made in the superior court as approved in this section, the judge or magistrate <u>shall</u> receive evidence on any issue of fact necessary to determine the motion." (emphasis in original).

Petitioner claims that the trial court violated his constitutional rights by failing to adhere to California law.  Specifically, plaintiff asserts that the trial court erred by simply dropping the motion rather than "hear[ing] petitioner's motion to suppress evidence."

Petitioner does not state whether this new claim has yet been presented to the state court.

## II.  APPLICABLE STANDARDS

There are two approaches for analyzing a stay-and-abeyance motion, depending on whether the petition is mixed or fully exhausted.  <u>See</u> <u>Jackson v. Roe</u>, 425 F.3d 654, 661 (9th Cir. 2005).  If the petitioner seeks a stay-and-abeyance order as to a mixed petition containing both exhausted and unexhausted claims, the request is analyzed under the standard announced by the Supreme Court in <u>Rhines v. Weber</u>, 544 U.S. 269 (2005).  <u>See</u> <u>Jackson</u>, 425 F.3d at 661.  If, however, the petition currently on file is fully exhausted, and what petitioner seeks is a stay-and-abeyance order to exhaust claims not raised in the current federal petition, the approach set out in <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2003), applies.  <u>See</u> <u>Jackson</u>, 425 F.3d at 661.

1       Under Rhines, a threshold condition for this court to exercise its discretion to
2 issue a stay-and-abeyance order, the court must determine that there was good cause for failing
3 to exhaust his claims before raising them in this case. See Rhines v. Weber, 544 U.S. at 277.  If
4 there is good cause for petitioner's failure to exhaust, it may be an abuse of discretion to deny
5 stay and abeyance where there is no indication of intentional dilatory litigation tactics.  See id. at
6 278.  Stay and abeyance is not appropriate where the unexhausted claim is plainly meritless.  See
7 id. at 277.

8       Under Kelly, the district court is required to ". . . consider the option of holding
9 the exhausted petition in abeyance so that the petitioner would be able to exhaust his claims in
10 state court before attempting to amend his federal petition to include the newly exhausted
11 claims."  Jackson, 425 F.3d at 661 (citing Kelly, 315 F.3d at 1070).  Whether to exercise this
12 option is within the discretion of the district court.  See Kelly, 315 F.3d at 1070.  However, the
13 Ninth Circuit has recognized the ". . . clear appropriateness of a stay when valid claims would
14 otherwise be forfeited."  Id.  Moreover, a stay under such circumstances promotes comity by
15 deferring the exercise of federal jurisdiction until after the state court has ruled.  See id.

16

17                               **III.  DISCUSSION**

18       In this case, the amended petition is mixed in that it contains both exhausted
19 claims and one unexhausted claim – the search and seizure claim (Claim 4).  Because the
20 operative petition is mixed, this court analyzes petitioner's stay and abeyance motion under
21 Rhines.  Under Rhines, and assuming for the moment that there is good cause to justify
22 petitioner's failure to raise his Fourth Amendment claim earlier, a stay and abeyance order is not
23 appropriate where the new claim is plainly meritless.  Such is the case here.

24       In Stone v. Powell, the United States Supreme Court held that "where the State
25 has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state
26 prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in

an unconstitutional search or seizure was introduced at his trial." 428 U.S. 465, 494 (1976). Thus, a Fourth Amendment claim can only be litigated on federal habeas where petitioner demonstrates that the state did not provide an opportunity for full and fair litigation of the claim; it is immaterial whether the petitioner actually litigated the Fourth Amendment claim. Gordan v. Duran, 895 F.2d 610, 613 (9th Cir. 1990). The issue before this court is whether petitioner had a full and fair opportunity in the state courts to litigate his Fourth Amendment claim, not whether petitioner actually litigated those claims, nor whether the state courts correctly disposed of the Fourth Amendment issues tendered to them. See id.; see also Siripongs v. Calderon, 35 F.3d 1308 (9th Cir. 1994).

The court finds that petitioner had a full and fair opportunity to litigate his Fourth Amendment claim, even though he apparently did not, in fact, litigate that claim. As petitioner observes in his amended petition, California law provides for specific procedures to raise a Fourth Amendment issue. To the extent petitioner argues that the trial court violated his constitutional rights by refusing to comply with California law regarding hearing his motion to suppress, that would have been an excellent issue to raise in the state court on direct appeal. To the extent that he was deprived of that opportunity because his appointed counsel failed to renew the pro se motion to suppress, it is irrelevant whether petitioner actually litigated the issue in state court. As to petitioners argument that his conviction should be reversed because trial counsel was ineffective for failing to renew the motion to suppress, that issue has been exhausted and is properly before this court.

Because petitioner had the opportunity to litigate his Fourth Amendment claim it is not cognizable on federal habeas review. For this reason, a stay and abeyance order is not appropriate. For this same reason, the claim should be summarily dismissed pursuant to Rule 4

of the Federal Rules Governing Section 2254[3] and respondents should be directed to file an answer on the merits of the remaining claims.

### IV.  CONCLUSION

Based on the foregoing, the undersigned recommends that:

1. Petitioner's motion for a stay and abeyance order (Doc. 52) be denied;
2. Petitioner's Fourth Amendment claim be summarily dismissed; and
3. Respondent's be directed to file an answer on the merits of the remaining claims.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  November 9, 2006.

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

---

[3]  Rule 4 provides for summary dismissal "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief . . . ."

6