# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID L. KING,                                                    No. CIV S-03-2505-FCD-CMK-P

    Petitioner,

  vs.                                                                      ORDER

DAVID L. RUNNELS, et al.,

    Respondents.

_____/

        Petitioner, a state prisoner proceeding with appointed counsel and in forma pauperis, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge pursuant to Eastern District of California local rules.

        On November 13, 2006, the magistrate judge filed findings and recommendations herein which were served on petitioner and which contained notice to petitioner that any objections to the findings and recommendations were to be filed within 20 days.  Petitioner has filed objections to the findings and recommendations.

/ / /

/ / /

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Turning to petitioner's objections, he argues that the standard under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), instead of the standard under Rhines v. Weber, 544 U.S. 269 (2005), should apply in this case. Initially, the court observes that petitioner agrees with the findings and recommendations as to the basic rules of law applicable here – that Rhines applies to mixed petitions and Kelly applies to fully exhausted petitions. See Jackson v. Roe, 425 F.3d 654, 661 (9th Cir. 2005) (holding that the two approaches are distinct). Petitioner argues that the petition in this case is in fact fully exhausted and that the first hint of an unexhausted claim appeared in petitioner's stay-and-abeyance motion and amended petition filed the same day (but docketed after the stay-and-abeyance motion). Petitioner appears to conclude that, because at the time the stay and abeyance motion was docketed, the operative pleading was the original petition -- which was fully exhausted -- Kelly should apply. This argument suggests that, had the amended petition been docketed before the stay and abeyance motion, then the operative petition would be mixed and Rhines would apply.

This seems to the court to be a meaningless distinction in this case. Both the amended petition and stay-and-abeyance motion were filed the same day. Whether Rhines or Kelly applies should not hinge on the order same-day documents are docketed. This is just a ministerial task and should not have an impact on a substantive decision. Moreover, a review of the procedural history of this case shows that petitioner had already been given the Kelly choices. Specifically, on August 6, 2006, petitioner was directed to file an amended petition containing only exhausted claims, or an amended mixed petition along with a stay-and-abeyance motion. Petitioner chose to do the latter -- file the mixed amended petition and the stay-and-abeyance motion. Petitioner certainly could have proceeded under the first option -- by filing a

fully exhausted petition -- in which case petitioner could have assured that his stay-and-abeyance motion would be considered under Kelly.  Because petitioner chose to file the mixed amended petition, petitioner effectively selected the Rhines approach.

Petitioner next argues that, under the Rhines approach, the new Fourth Amendment claim is not plainly meritless under Stone v. Powell, 428 U.S. 465 (1976).  Petitioner claims that he was in fact denied a full and fair opportunity to litigate his Fourth Amendment claim.  He says that, because the trial court simply "dropped" his pro se motion to suppress from the docket, saying that it should be brought by counsel as an in limine motion before trial, he was denied the opportunity to litigate the claim under California Penal Code section 1538.5.  In essence, petitioner claims that the trial court failed to follow state law in hearing the motion to suppress.  This argument has no merit on federal habeas review because the federal court may not grant habeas relief based on an error in state law.

Finally, petitioner argues that, because the trial court failed to adhere to section 1538.5 in hearing the motion to suppress, he was never allowed to litigate the claim.  This is not quite right.  As shown by petitioner's amended petition, petitioner also claims that his appointed trial counsel was ineffective for failing to renew the Fourth Amendment issue in the context of an in limine motion.  Thus, it is clear that petitioner did in fact have a vehicle to have his Fourth Amendment claim heard -- a motion in limine brought by counsel before trial.  It is immaterial that petitioner did not actually litigate the claim.  See Gordon v. Duran, 895 F.2d 610, 613 (9th Cir. 1990).  The question is whether he had the opportunity.  In this case, by petitioner's own statements, it is clear that he did.  What is unclear is why counsel did not take advantage of this opportunity.  That question, of course, if the subject of petitioner's ineffective assistance of counsel claim.

For the foregoing reasons, petitioner's objections are overruled.

/ / /

/ / /

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed November 13, 2006, are adopted in full;

2. Petitioner's motion for a stay-and-abeyance order (Doc. 52) is denied;

3. Petitioner's Fourth Amendment claim is summarily dismissed; and

4. Respondents are directed to file an answer on the merits of the remaining claims presented in the August 28, 2006, amended petition within 30 days of the date of service of this order.

DATE: January 26, 2007.

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE